

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 01-14891 |
| | : | Chapter 7 |
| CHING SUI ARTHUR YI, | : | (Judge Perlman) |
| | : | |
| Debtor. | : | Re: Doc. 76 |

## ORDER APPROVING SETTLEMENT AGREEMENT AND
## DISMISSAL OF CHAPTER 7

This matter is before the Court on the Motion by Debtor Ching Sui Arthur Yi, Henry E. Menninger, the Chapter 7 Trustee herein ("Trustee") and Meridian Bioscience, Inc., fka Meridian Diagnostics Inc. ("Meridian") for Approval of Settlement and Dismissal of Chapter 7 Case (the "Motion").

The Court has considered the Motion, the supporting memoranda, and the Settlement Agreement. No responses or objections to the Motion were filed.

Based on the foregoing, and it appearing that no other or further notice of the Motion need be given, and after due deliberation and sufficient cause appearing therefore, the Court finds as follows:

A. <u>Jurisdiction</u>. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) and 157, and this matter is a core proceeding in the meaning of 28 U.S.C. § 157(b), with respect to which this Court may enter final judgments and orders.

B. <u>Notice</u>. As evidenced by, among other things, the certificates of service submitted in connection herewith, proper, timely, adequate and sufficient notice of the Motion was given to all creditors and other parties in interest required under the Bankruptcy Code,

including Section 102(1) thereof, and Bankruptcy Rule 2002. All parties in interest, have been given an adequate opportunity to appear and be heard on the Motion and the Settlement Agreement and sale proposed thereby.

C.    <u>Settlement Agreement.</u>    On or about September 15, 2003, Trustee, Yi, Apollo Biomedical Corporation ("Apollo") and Meridian entered into a Settlement and Release Agreement (the "Settlement Agreement"), a copy which is attached as an exhibit to this Order, whereby Meridian, Yi, Apollo and the Trustee, agreed to settle all claims between and among them relating to certain litigation pending in the Bankruptcy Court, the District Court for the Southern District of Ohio, (the "Ohio Litigation") and Taiwan (the "Taiwan Litigation").

D.    <u>Good Faith</u>.    The Settlement Agreement was negotiated at arms length and in good faith, and the terms have been fully, completely, and adequately disclosed.

Accordingly, it is hereby ordered as follows:

ORDERED that the Settlement Agreement and Release Agreement by and among Meridian Bioscience, Inc. fka Meridian Diagnostic Inc., Henry E. Menninger, the Chapter 7 Trustee in this case, Apollo, and Yi dated September 15, 2003 and attached hereto as Exhibit A (the "Settlement Agreement") is hereby approved.

IT IS FURTHER ORDERED that these Chapter 7 proceedings are dismissed in their entirety, but the Court shall retain jurisdiction over Adversary Proceeding No. 03-01375 filed herein, pending dismissal of that action upon the Effective Date of the settlement, as provided in the Settlement Agreement.

IT IS SO ORDERED.

*[signature]*
United States Bankruptcy Judge

AGREED:

*[signature: Robert G. Sanker]*

Robert G. Sanker (0039040)
Susan M. Argo (0067281)
KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH  45202
Attorneys for Meridian Bioscience, Inc.

*[signature: Norman Slutsky]*

Norman Slutsky
Slutsky & Slutsky Co., L.P.A.
4153 U. Crossgate Drive
Cincinnati, Ohio 45236
Attorney for Debtor

*[signature: Henry E. Menninger by RHS with authority]*

Henry E. Menninger
Wood and Lamping
2500 Cincinnati Commerce Center
600 Vine Street
Cincinnati, Ohio  45202
Chapter 7 Trustee

APOLLO BIOMEDICAL CORPORATION

By: *[signature]*
Name: Ching Sui A. Yi
Title: President

*[signature]*
Ching Sui Arthur Yi

**ENTERED**
U.S. BANKRUPTCY COURT

OCT 15 2003

SOUTHERN DISTRICT OF OHIO
BY *[signature]*
DEPUTY CLERK

1135348.1

3

REC'D SEP 0 2 2003

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into as of August __, 2003, by and between Ching Sui A. Yi ("Yi"), Apollo Biomedical Corporation ("Apollo"), Henry E. Menninger, Jr., as Trustee for the Chapter 7 bankruptcy estate of Ching Sui A. Yi ("Trustee"), and Meridian Bioscience, Inc. fka Meridian Diagnostics Inc. ("Meridian").

### RECITALS

A.  In June of 2000, Meridian filed a complaint against Yi in Hamilton County Ohio Common Pleas Court, which was later removed to the U.S. District Court for the Southern District of Ohio entitled <u>Meridian Diagnostics, Inc. v. Ching Sui Yi</u>, et al. under case No. 1-00-540 and in which Apollo is a co-defendant (the "Ohio Litigation"). The Ohio Litigation complaint alleged, among other things, that Yi and Apollo misappropriated Meridian's trade secrets by manufacturing and marketing an H. pylori antigen test.

B.  On July 25, 2000, Apollo and Yi filed a Complaint in San Mateo, California Superior Court against Meridian and thirty (30) John Doe defendants, which Complaint alleged, inter alia, that Meridian was infringing Yi's and Apollo's trade secrets. This case was later transferred to the Southern District of Ohio and, by an order entered on February 14, 2002, consolidated into the Ohio Litigation.

C.  On September 15, 2000, Judge Beckwith issued a Preliminary Injunction against Yi and Apollo in the Ohio Litigation (the "Preliminary Injunction").

D.  Yi and Apollo have also filed various actions against Meridian in Tapei, Taiwan (the "Taiwan Litigation") relating to the parties' respective rights in trade secrets in connection with the H. pylori antigen test.

E.  On or about October 25, 2000 Meridian obtained an order attaching certain property and accounts of Yi and Apollo ("Attachment Order"). As a result of such action the Clerk of the Court for the Southern District of Ohio, is currently holding approximately $89,000.00 from the sale of Yi's real estate ("Court Account"), and Yi's brokerage account at First Union Securities ("Brokerage Account") is frozen pursuant to the District Court's Order (the Court Account and the Brokerage Account are collectively referred to herein as the "Garnisheed Funds").

F.  Both Meridian and Yi appealed the Preliminary Injunction and Yi appealed the Attachment Order to the Court of appeals for the Sixth Circuit. On March 14, 2003, the Sixth Circuit issued its decision in that appeal. A copy of that decision is attached hereto as Exhibit A..

G.  On or about April 30, 2001, ("Yi Petition Date") Yi filed a voluntary Chapter 7 case in the Northern District of California. That case was transferred to the Bankruptcy Court for the Southern District of Ohio on June 13, 2001 under Case No. 01-14891 (the "Yi Bankruptcy"). Trustee is the duly appointed and acting Chapter 7 Trustee in the Yi Bankruptcy.

H. On or about April 18, 2001, ("Apollo Petition Date") Apollo filed a voluntary Chapter 7 case in the Northern District of California under Case No. 01-30982 (the "Apollo Bankruptcy").

I. In November, 2002, the Apollo Bankruptcy was closed.

J. By an order entered on August 3, 2001, Meridian was granted an extension of (i) the deadline for filing a complaint against Yi to have Yi's debt to Meridian declared to be non-dischargeable, and (ii) the deadline for objecting to Yi's discharge.

K. On April 29, 2003, Trustee filed a Complaint against Meridian seeking to avoid and recover the Garnisheed Fund ("Adversary Proceeding").

L. In order to avoid the burden and expense of further litigation, and to eliminate all disputes and disagreements among them, Yi, Apollo, Trustee on behalf of the estate of Yi, and Meridian desire to forever end, terminate, fully and finally settle all disputes and disagreements which relate to the Ohio Litigation, the Taiwan Litigation, the Discharge Objections, the Adversary Proceeding and the Garnisheed Funds.

**Now, therefore,** in consideration of the mutual promises, covenants and undertakings set forth below, and other good and valuable consideration, the receipt and sufficiency of which each of the parties hereby acknowledge, Yi, Apollo, Trustee, and Meridian agree as follows:

1. **Effective Date:**

The "Effective Date" of this Agreement shall be the eleventh day after all of the following conditions are satisfied: (a) the Yi Bankruptcy Court has entered an Order approving this Agreement and dismissing the Yi Bankruptcy and that Order has not been appealed, and (b) the District Court has entered an order making permanent the injunctive provisions of the Preliminary Injunction entered by the District Court in the Ohio Litigation, and that Order has not been appealed, and (c) the District Court has entered an Order that the Garnisheed Funds be paid to Meridian, and that Order has not been appealed. If the Effective Date shall not have occurred by September 30, 2003, without being extended in writing by the parties hereto, then this Agreement shall be null and void and of no force and effect.

2. **Garnisheed Funds and Adversary Proceeding**

The parties shall present to the District Court an Agreed Order directing that all of the Garnisheed Funds be paid to Meridian. On the later of the Effective Date or the date that Meridian receives the Garnisheed Funds, Meridian shall from the Garnisheed Funds pay to the Trustee an amount equal to the attorney fees incurred by Trustee in connection with the Yi Bankruptcy, not to exceed $5,000, and pay $17,500 to Dr. Yi. Meridian shall keep the balance of the Garnisheed Funds plus any accrued interest. Upon the Effective Date, the Trustee shall cause the Adversary Proceeding to be dismissed with prejudice.

3. **Transfer of Assets**

(a) Yi and Apollo, effective as of the Effective Date, hereby assign and/or transfer to Meridian any and all rights, title and interest in and to the following assets, if any, that were or are owned or held by Yi and/or Apollo, whether or not said assets were listed on their respective schedules filed in their bankruptcy cases ("Assets"): (i) any and all immunological H. pylori stool antigen tests or rapid assay H. pylori stool antigen tests, but excluding any serum H. pylori antigen tests, (ii) any and all intellectual property relating to any product that in any manner utilizes or is derived from, in whole or in part, the experiments, processes, methodology, or information that Meridian used to develop, market, sell or patent any diagnostic test in the infectious disease or parisitology product line as that line existed on April 23, 1999, whether such intellectual property rights with respect to any of the foregoing exist under the laws of the United States, or any foreign jurisdiction, including, but not limited to Taiwan; (iii) without limiting the provisions of the Subsection 3(a)(i) and (ii), any and all trade secrets, licenses, patents, trademarks, trade dress, copyrights, copyrightable materials, data, databases, assets, contract rights, contracts, chooses in action, claims, accounts, agreements, manufacturing documents and plans, formulae, plans of distribution, customer lists and customer account information, potential customer lists and account information, governmental approvals, permissions, rights, titles, methods and modes of manufacture, know-how, marketing plans, trade rights and information, customs permits and licenses, regulatory approvals, channels of distribution, distribution contacts, publications, disclosures, samples, test cases, inventory, kits, test kits, trial reports, lab reports, laboratory data, laboratory databases, computer files, computer records, case records, and any and all other reports, documents, information, files and materials relating in any way to the Assets described in Subsections 3(a)(i) and (a)(ii) except any privileged documents and any of Apollo's laboratory note books and documents that were transferred by Apollo to a third party before September 15, 2000; and (iv) all documents, except privileged documents and any of Apollo's laboratory note books and documents that were transferred by Apollo to a third party before September 15, 2000, in the possession of the Trustee pursuant to the Order of the District Court entered on February 13, 2002.

(b) Upon the Effective Date, title to the Assets shall irrevocably vest in Meridian without further action of Yi, Apollo, Trustee, or Meridian. However, Yi, Apollo and the Trustee shall, without further consideration, comply with any and all requests by Meridian to execute promptly any additional documents and take promptly any and all further action necessary to protect, secure and vest good, valid and marketable title to the Assets in Meridian and to record this Agreement and the assignment and transfer of the Assets hereby with all appropriate authorities.

(c) Meridian and its Successors and assigns, shall hold the rights to the Assets for and during the existence of the Assets and all renewals and/or extensions thereof, as fully and as entirely as the same would have been held by Yi, Apollo and/or the Trustee had this assignment and transfer not been made.

4. **Release of All Claims Against Meridian**

In consideration of the promises and undertakings set forth in this Agreement, Yi, Apollo, and Trustee on behalf of the estate of Yi, for themselves, their predecessors, successors

and assigns, release and forever discharge Meridian as well as Meridian's predecessors, shareholders, directors, officers, employees, agents, successors and assigns ("Meridian Parties") from any and all known and unknown, foreseen and unforeseen, anticipated and unanticipated, expected and unexpected claims now existing and hereafter arising out of or in any way related to the Ohio Litigation, the Taiwan Litigation, the Adversary Proceeding, the Discharge Objections, and the Garnisheed Funds (the "Litigation"), which release shall be effective as of the Effective Date. Yi and Apollo waive all rights and benefits afforded by Section 1542 of the Civil code of the State of California, and do so understanding the significance of that waiver which, provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which is known by him must have materially affected his settlement with the debtor."

5.   **Release of All Claims Against Yi, Apollo, and Trustee**

In consideration of the promises and undertakings set forth in this Agreement, Meridian, for itself, its predecessors and assigns, releases and forever discharges Yi, Apollo, and Trustee, as well as their predecessors, shareholders, directors, officers, employees, agents, successors and assigns from any and all known and unknown, foreseen and unforeseen, anticipated and unanticipated claims now existing and hereafter arising out of or in any way related to the Litigation, which release shall be effective as of the Effective Date.

6.   **Application to Unknown Claims**

The releases contained in paragraph 4 extend and apply to all unknown, unforeseen, unanticipated and unexpected Claims, including those not now disclosed or known to exist. The provisions of any statute, law or other jurisprudence providing in substance that releases shall not extend to claims which are unknown or unsuspected to exist at the time to the persons executing the release are hereby expressly waived.

7.   **Subsequent Claims**

Nothing in this Settlement Agreement shall affect Meridian's rights to bring claims against Yi and/or Apollo arising from any act committed after the date of this Agreement. Likewise, nothing in this Agreement shall affect Yi's or Apollo's rights to bring claims against Meridian arising from any act committed after the date of this Agreement.

8.   **Permanent Injunction**

The parties shall take such actions as reasonably requested by any other party to this Agreement to cause:

    (a)   The District Court preliminary injunction in the Ohio Litigation to become permanent;

    (b)   All appeals relating to the Ohio Litigation to be dismissed;

    (c)   The Adversary Proceedings to be dismissed; and

(d)    All other litigation currently pending by and among Yi and/or Apollo and any of the Meridian Parties to be dismissed.

### 9. Release of Bond in Ohio Litigation

The parties shall take all steps reasonably required to cause the surety bond in the amount of one Million Dollars ($ 1,000,000.00) posted by Meridian pursuant to Rule 65(c) of the Federal Rules of Civil Procedure in the Ohio Litigation shall be released within thirty (30) days from the Effective Date.

### 10. Tax Consequences

Each party agrees to be responsible for its own tax consequences arising in connection with the Meridian Payment, if any.

### 11. Construction of Agreement

This Agreement shall be construed under the substantive laws of the State of Ohio and all matters pertaining to this Agreement shall be governed by the laws of Ohio. Where those laws may be inconsistent or in conflict, Ohio law shall govern. The parties further designate all courts of record sitting in Cincinnati, Ohio, state or federal, as forums where any action, suit or proceeding in respect of or arising out of this Agreement may be prosecuted as to all parties and each party expressly consents to the jurisdiction and venue of such courts.

### 12. Voluntary and Knowledgeable Execution of Agreement

(a)    All parties to this Agreement hereby represent and warrant that in entering into this Agreement, such party sought the advice of and has been represented by counsel of their choice, or voluntarily waived that right, are relying upon their own judgment, beliefs and knowledge of the nature, extent and duration of the Claims, and that no party has been influenced to any extent whatsoever in entering into this Agreement by any representations or statements not contained herein, made by or on behalf of any other party. Accordingly, it is agreed that all agreements, understandings and representations by the parties relative hereto are embodied in this Agreement and that no promise or other inducement has been made except as explicitly set forth herein. This Agreement may not be changed, modified or discharged orally, but may only be changed, modified or discharged by an instrument in writing signed by all parties hereto.

(b)    All parties to this Agreement have full knowledge of the terms, conditions and effects of this Agreement and by signing below do voluntarily agree to enter into and be bound by this Agreement.

### 13. No Admission

Neither the existence of this Agreement nor anything contained herein shall be deemed an admission of any liability by Meridian or an admission by Meridian that Yi or Apollo have or had any lawful rights or interest in any intellectual property relating to any H. pylori antigen test allegedly developed by either one or both of them.

14. **Execution of Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all which together shall constitute one in the same instrument.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date indicated above.

MERIDIAN BIOSCIENCE, INC. fka
MERIDIAN DIAGNOSTIC, INC.

By:_____
Name:_____
Title:_____

_____
Henry E. Menninger, Jr., Trustee

_____
Ching Sui A. Yi

APOLLO BIOMEDICAL CORPORATION

By:_____ *[signature]*
Name:_____ Ching Sui A. Yi
Title:_____ President

1114699.4

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into as of September 15, 2003, by and between Ching Sui A. Yi ("Yi"), Apollo Biomedical Corporation ("Apollo"), Henry E. Menninger, Jr., as Trustee for the Chapter 7 bankruptcy estate of Ching Sui A. Yi ("Trustee"), and Meridian Bioscience, Inc. fka Meridian Diagnostics Inc. ("Meridian").

### RECITALS

A.  In June of 2000, Meridian filed a complaint against Yi in Hamilton County Ohio Common Pleas Court, which was later removed to the U.S. District Court for the Southern District of Ohio entitled Meridian Diagnostics, Inc. v. Ching Sui Yi, et al. under case No. 1-00-540 and in which Apollo is a co-defendant (the "Ohio Litigation"). The Ohio Litigation complaint alleged, among other things, that Yi and Apollo misappropriated Meridian's trade secrets by manufacturing and marketing an H. pylori antigen test.

B.  On July 25, 2000, Apollo and Yi filed a Complaint in San Mateo, California Superior Court against Meridian and thirty (30) John Doe defendants, which Complaint alleged, inter alia, that Meridian was infringing Yi's and Apollo's trade secrets. This case was later transferred to the Southern District of Ohio and, by an order entered on February 14, 2002, consolidated into the Ohio Litigation.

C.  On September 15, 2000, Judge Beckwith issued a Preliminary Injunction against Yi and Apollo in the Ohio Litigation (the "Preliminary Injunction").

D.  Yi and Apollo have also filed various actions against Meridian in Tapei, Taiwan (the "Taiwan Litigation") relating to the parties' respective rights in trade secrets in connection with the H. pylori antigen test.

E.  On or about October 25, 2000 Meridian obtained an order attaching certain property and accounts of Yi and Apollo ("Attachment Order"). As a result of such action the Clerk of the Court for the Southern District of Ohio, is currently holding approximately $89,000.00 from the sale of Yi's real estate ("Court Account"), and Yi's brokerage account at First Union Securities ("Brokerage Account") is frozen pursuant to the District Court's Order (the Court Account and the Brokerage Account are collectively referred to herein as the "Garnisheed Funds").

F.  Both Meridian and Yi appealed the Preliminary Injunction and Yi appealed the Attachment Order to the Court of appeals for the Sixth Circuit. On March 14, 2003, the Sixth Circuit issued its decision in that appeal. A copy of that decision is attached hereto as Exhibit A..

G.  On or about April 30, 2001, ("Yi Petition Date") Yi filed a voluntary Chapter 7 case in the Northern District of California. That case was transferred to the Bankruptcy Court for the Southern District of Ohio on June 13, 2001 under Case No. 01-14891 (the "Yi Bankruptcy"). Trustee is the duly appointed and acting Chapter 7 Trustee in the Yi Bankruptcy.

H.   On or about April 18, 2001, ("Apollo Petition Date") Apollo filed a voluntary Chapter 7 case in the Northern District of California under Case No. 01-30982 (the "Apollo Bankruptcy").

I.   In November, 2002, the Apollo Bankruptcy was closed.

J.   By an order entered on August 3, 2001, Meridian was granted an extension of (i) the deadline for filing a complaint against Yi to have Yi's debt to Meridian declared to be non-dischargeable, and (ii) the deadline for objecting to Yi's discharge.

K.   On April 29, 2003, Trustee filed a Complaint against Meridian seeking to avoid and recover the Garnisheed Fund ("Adversary Proceeding").

L.   In order to avoid the burden and expense of further litigation, and to eliminate all disputes and disagreements among them, Yi, Apollo, Trustee on behalf of the estate of Yi, and Meridian desire to forever end, terminate, fully and finally settle all disputes and disagreements which relate to the Ohio Litigation, the Taiwan Litigation, the Discharge Objections, the Adversary Proceeding and the Garnisheed Funds.

Now, therefore, in consideration of the mutual promises, covenants and undertakings set forth below, and other good and valuable consideration, the receipt and sufficiency of which each of the parties hereby acknowledge, Yi, Apollo, Trustee, and Meridian agree as follows:

1.   **Effective Date:**

The "Effective Date" of this Agreement shall be the eleventh day after all of the following conditions are satisfied: (a) the Yi Bankruptcy Court has entered an Order approving this Agreement and dismissing the Yi Bankruptcy and that Order has not been appealed, and (b) the District Court has entered an order making permanent the injunctive provisions of the Preliminary Injunction entered by the District Court in the Ohio Litigation, and that Order has not been appealed, and (c) the District Court has entered an Order that the Garnisheed Funds be paid to Meridian, and that Order has not been appealed. If the Effective Date shall not have occurred by September 30, 2003, without being extended in writing by the parties hereto, then this Agreement shall be null and void and of no force and effect.

2.   **Garnisheed Funds and Adversary Proceeding**

The parties shall present to the District Court an Agreed Order directing that all of the Garnisheed Funds be paid to Meridian. On the later of the Effective Date or the date that Meridian receives the Garnisheed Funds, Meridian shall from the Garnisheed Funds pay to the Trustee an amount equal to the attorney fees incurred by Trustee in connection with the Yi Bankruptcy, not to exceed $5,000, and pay $17,500 to Dr. Yi. Meridian shall keep the balance of the Garnisheed Funds plus any accrued interest. Upon the Effective Date, the Trustee shall cause the Adversary Proceeding to be dismissed with prejudice.

3.   **Transfer of Assets**

(a)   Yi and Apollo, effective as of the Effective Date, hereby assign and/or transfer to Meridian any and all rights, title and interest in and to the following assets, if any, that were or are owned or held by Yi and/or Apollo, whether or not said assets were listed on their respective schedules filed in their bankruptcy cases ("Assets"): (i) any and all immunological H. pylori stool antigen tests or rapid assay H. pylori stool antigen tests, but excluding any serum H. pylori antigen tests, (ii) any and all intellectual property relating to any product that in any manner utilizes or is derived from, in whole or in part, the experiments, processes, methodology, or information that Meridian used to develop, market, sell or patent any diagnostic test in the infectious disease or parisitology product line as that line existed on April 23, 1999, whether such intellectual property rights with respect to any of the foregoing exist under the laws of the United States, or any foreign jurisdiction, including, but not limited to Taiwan; (iii) without limiting the provisions of the Subsection 3(a)(i) and (ii), any and all trade secrets, licenses, patents, trademarks, trade dress, copyrights, copyrightable materials, data, databases, assets, contract rights, contracts, chooses in action, claims, accounts, agreements, manufacturing documents and plans, formulae, plans of distribution, customer lists and customer account information, potential customer lists and account information, governmental approvals, permissions, rights, titles, methods and modes of manufacture, know-how, marketing plans, trade rights and information, customs permits and licenses, regulatory approvals, channels of distribution, distribution contacts, publications, disclosures, samples, test cases, inventory, kits, test kits, trial reports, lab reports, laboratory data, laboratory databases, computer files, computer records, case records, and any and all other reports, documents, information, files and materials relating in any way to the Assets described in Subsections 3(a)(i) and (a)(ii) except any privileged documents and any of Apollo's laboratory note books and documents that were transferred by Apollo to a third party before September 15, 2000; and (iv) all documents, except privileged documents and any of Apollo's laboratory note books and documents that were transferred by Apollo to a third party before September 15, 2000, in the possession of the Trustee pursuant to the Order of the District Court entered on February 13, 2002.

(b)   Upon the Effective Date, title to the Assets shall irrevocably vest in Meridian without further action of Yi, Apollo, Trustee, or Meridian. However, Yi, Apollo and the Trustee shall, without further consideration, comply with any and all requests by Meridian to execute promptly any additional documents and take promptly any and all further action necessary to protect, secure and vest good, valid and marketable title to the Assets in Meridian and to record this Agreement and the assignment and transfer of the Assets hereby with all appropriate authorities.

(c)   Meridian and its Successors and assigns, shall hold the rights to the Assets for and during the existence of the Assets and all renewals and/or extensions thereof, as fully and as entirely as the same would have been held by Yi, Apollo and/or the Trustee had this assignment and transfer not been made.

4.   **Release of All Claims Against Meridian**

In consideration of the promises and undertakings set forth in this Agreement, Yi, Apollo, and Trustee on behalf of the estate of Yi, for themselves, their predecessors, successors

-3-

and assigns, release and forever discharge Meridian as well as Meridian's predecessors, shareholders, directors, officers, employees, agents, successors and assigns ("Meridian Parties") from any and all known and unknown, foreseen and unforeseen, anticipated and unanticipated, expected and unexpected claims now existing and hereafter arising out of or in any way related to the Ohio Litigation, the Taiwan Litigation, the Adversary Proceeding, the Discharge Objections, and the Garnisheed Funds (the "Litigation"), which release shall be effective as of the Effective Date. Yi and Apollo waive all rights and benefits afforded by Section 1542 of the Civil code of the State of California, and do so understanding the significance of that waiver which, provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which is known by him must have materially affected his settlement with the debtor."

5.    **Release of All Claims Against Yi, Apollo, and Trustee**

In consideration of the promises and undertakings set forth in this Agreement, Meridian, for itself, its predecessors and assigns, releases and forever discharges Yi, Apollo, and Trustee, as well as their predecessors, shareholders, directors, officers, employees, agents, successors and assigns from any and all known and unknown, foreseen and unforeseen, anticipated and unanticipated claims now existing and hereafter arising out of or in any way related to the Litigation, which release shall be effective as of the Effective Date.

6.    **Application to Unknown Claims**

The releases contained in paragraph 4 extend and apply to all unknown, unforeseen, unanticipated and unexpected Claims, including those not now disclosed or known to exist. The provisions of any statute, law or other jurisprudence providing in substance that releases shall not extend to claims which are unknown or unsuspected to exist at the time to the persons executing the release are hereby expressly waived.

7.    **Subsequent Claims**

Nothing in this Settlement Agreement shall affect Meridian's rights to bring claims against Yi and/or Apollo arising from any act committed after the date of this Agreement. Likewise, nothing in this Agreement shall affect Yi's or Apollo's rights to bring claims against Meridian arising from any act committed after the date of this Agreement.

8.    **Permanent Injunction**

The parties shall take such actions as reasonably requested by any other party to this Agreement to cause:

　　　　(a)    The District Court preliminary injunction in the Ohio Litigation to become permanent;

　　　　(b)    All appeals relating to the Ohio Litigation to be dismissed;

　　　　(c)    The Adversary Proceedings to be dismissed; and

(d) All other litigation currently pending by and among Yi and/or Apollo and any of the Meridian Parties to be dismissed.

9. **Release of Bond in Ohio Litigation**

The parties shall take all steps reasonably required to cause the surety bond in the amount of one Million Dollars ($ 1,000,000.00) posted by Meridian pursuant to Rule 65(c) of the Federal Rules of Civil Procedure in the Ohio Litigation shall be released within thirty (30) days from the Effective Date.

10. **Tax Consequences**

Each party agrees to be responsible for its own tax consequences arising in connection with the Meridian Payment, if any.

11. **Construction of Agreement**

This Agreement shall be construed under the substantive laws of the State of Ohio and all matters pertaining to this Agreement shall be governed by the laws of Ohio. Where those laws may be inconsistent or in conflict, Ohio law shall govern. The parties further designate all courts of record sitting in Cincinnati, Ohio, state or federal, as forums where any action, suite or proceeding in respect of or arising out of this Agreement may be prosecuted as to all parties and each party expressly consents to the jurisdiction and venue of such courts.

12. **Voluntary and Knowledgeable Execution of Agreement**

(a) All parties to this Agreement hereby represent and warrant that in entering into this Agreement, such party sought the advice of and has been represented by counsel of their choice, or voluntarily waived that right, are relying upon their own judgment, beliefs and knowledge of the nature, extent and duration of the Claims, and that no party has been influenced to any extent whatsoever in entering into this Agreement by any representations or statements not contained herein, made by or on behalf of any other party. Accordingly, it is agreed that all agreements, understandings and representations by the parties relative hereto are embodied in this Agreement and that no promise or other inducement has been made except as explicitly set forth herein. This Agreement may not be changed, modified or discharged orally, but may only be changed, modified or discharged by an instrument in writing signed by all parties hereto.

(b) All parties to this Agreement have full knowledge of the terms, conditions and effects of this Agreement and by signing below do voluntarily agree to enter into and be bound by this Agreement.

13. **No Admission**

Neither the existence of this Agreement nor anything contained herein shall be deemed an admission of any liability by Meridian or an admission by Meridian that Yi or Apollo have or had any lawful rights or interest in any intellectual property relating to any H. pylori antigen test allegedly developed by either one or both of them.

-5-

14. **Execution of Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all which together shall constitute one in the same instrument.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date indicated above.

           MERIDIAN BIOSCIENCE, INC. fka
           MERIDIAN DIAGNOSTIC, INC.

           By: _____
           Name: _____
           Title: _____

           _____
           Henry E. Menninger, Jr., Trustee

           _____
           Ching Sui A. Yi

           APOLLO BIOMEDICAL CORPORATION

           By: _____
           Name: _____
           Title: _____

1114699.4

09/24/03 WED 12:28 FAX 513 852 6087 Case 1:00-cv-00540-SSB WOOD & LAMPING LLP Document 25-2 Filed 10/20/2003 Page 16 of 16

ID: SEP 15'03, 9:48 No.002 P.07

14. **Execution of Counterparts**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all which together shall constitute one in the same instrument.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date indicated above.

MERIDIAN BIOSCIENCE, INC. fka
MERIDIAN DIAGNOSTIC, INC.

By: _____
Name: _____
Title: _____

_____
Hon. F. Menninger, Jr., Trustee

_____
Ching Sui A. Yi

APOLLO BIOMEDICAL CORPORATION

By: _____
Name: _____
Title: _____

1114699.4