UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
FILED
KENNETH J. MURPHY
    CLERK

03 OCT 20 PM 3:26
```

| | | |
|---|---|---|
| MERIDIAN DIAGNOSTICS, INC. | ) | Case No. C-1-00-540 |
| Plaintiff, | ) | |
| v. | ) | (Judge Beckwith) |
| CHING SUI A YI, et al. | ) | |
| Defendants. | ) | |

### AGREED ORDER

On September 15, 2000, the Court entered the Findings of Fact, Conclusions of Law and Preliminary Injunction [Doc #68] attached hereto as Exhibit A.

On October 25, 2000, the Court entered an Order of Attachment as to garnishee First Union Securities, Inc. [Doc #100] ("First Union Order"), and an Order of Attachment directing the U.S. Marshall for the Southern District of Ohio to seize the real property located at 3078 Williams Creek Drive, Cincinnati, Ohio [Doc # 101] ("Williams Creek Order").

Pursuant to the First Union Order and a Memorandum and Order entered by the Court on December 7, 2000, [Doc #139] certain assets of Defendant Yi located in account number 8519-2533 (the "Brokerage Account") at First Union Securities n.k.a. Wachovia Securities are frozen pending further order of this Court.

Pursuant to the Williams Creek Order and the Agreed Amendment to Order of Attachment entered on November 3, 2000, [Doc # 110] the amount of $89,024.74 ("Deposited Funds"), constituting the proceeds from the sale of Defendant Yi's residence, was deposited with the Clerk of Courts on or about April 3, 2001.

By an Order entered on October 15, 2003, by the United States Bankruptcy Court for the Southern District of Ohio, Settlement and Release Agreement dated September 15, 2003 ("Settlement Agreement"), by and between Defendant Yi, Apollo Biomedical Corporation, Henry E. Menninger, Jr., as Trustee for the Chapter 7 bankruptcy estate of Defendant Yi and Meridian Bioscience, Inc., f.k.a. Meridian Diagnostics, Inc. ("Meridian") was approved by the Bankruptcy Court in Case No. 01-14891, pursuant to which, the parties settled all pending litigation among them.

NOW THEREFORE, upon the stipulation of the parties, it is hereby ordered:

1.  The injunctive provisions contained in the Preliminary Injunction shall be and hereby are made permanent, and the Preliminary Injunction shall be construed to be a permanent injunction for all purposes.

2.  Wachovia Securities shall deliver to Meridian at its direction the assets held in the First Union account.

3.  The Clerk of Courts shall deliver to Meridian the Deposited Funds held by the Court Clerk, to be distributed by Meridian as provided in the Settlement Agreement.

4.  The surety bond in the amount of $1 Million posted by Meridian as required by the Preliminary Injunction shall be and hereby is released and shall be returned to Meridian.

IT IS SO ORDERED.

_____
Sandra S. Beckwith,
United States District Judge

STIPULATED AND AGREED:

                                                        Keating Muething and Klekamp PLL

_____     By: /s/ Patrick F. Fischer
Ching Sui A.Yi                                     Patrick F. Fischer
                                                       Keating Muething and Klekamp PLL
                                                       Attorney for Meridian Diagnostics, Inc.

Apollo Biomedical Corporation


By: _____
Ching Sui A.Yi.



1162707.1

- 3 -

STIPULATED AND AGREED:

_____
Ching Sui A. Yi

Apollo Biomedical Corporation

By: _____
Ching Sui A. Yi.

1162707.1

Keating Muething and Klekamp PLL

By:_____
Patrick F. Fischer
Keating Muething and Klekamp PLL
Attorney for Meridian Diagnostics, Inc.

FROM : Case 1:00-cv-00540-SSB Document 252 Filed 10/21/2003 Page 4 of 4 FAX NO. : Oct. 20 2003 09:55PM P4